CLARK'S EXECUTORS, appellants, and RICHARDS, respondent.

A bequest to a daughter, of the interest on a bond and mortgage, and the dividends on certain specified shares of stock for life, with a direction that if necessary for her support the stock may be sold, and the proceeds of such sale and the principal of such bond paid to her, leaves a contingent residue undisposed of in such moneys and stock, which will pass under a general residuary clause.

The controversy in this cause grew out of the second and fifth clauses of the will of Mrs. Margaret H. Clark, which were in these words:

"*Second.* I give and bequeath to my daughter, Eliza Y. Clark, all my clothes and wearing apparel, together with the spare bed-room furniture, and also such of my silver as she may select. And I direct my executors to pay to my said daughter the interest accruing upon a bond and mortgage executed by A. D. Tichenor, to secure the payment of six thousand dollars; and also the dividends declared upon my shares of the capital stock of the State Bank of Elizabeth; and if it shall be necessary for her support or comfort, to pay to her so much of the principal of said bond and mortgage as shall be necessary therefor, or to sell the said stock and pay the proceeds to her.

*Fifth.* I give, devise, and bequeath all the rest and residue of my estate, both real and personal, to my son, James

H. Clark, and my daughter, Eliza Y. Clark, to be divided, share and share alike, to them, their heirs and assigns, forever."

Eliza Y. Clark, the daughter of the testatrix, married Mr. Richards, the respondent.

The opinion of the Chancellor is reported in 3 *C. E. Green* 330.

*Mr. R. S. Green* and *Mr. Williamson,* for appellants.

*Mr. T. Runyon,* for respondent.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

This is a bill filed by the respondent, as the executor of his wife, one of the legatees named in the will out of which the present controversy arises. The claim which he makes is, that he, as the executor and legatee of his wife, is entitled to one half of the shares of the bank stock, and to one half the moneys due on the bond and mortgage, mentioned in the second clause of the will of Mrs. Clark. The corpus of this fund, it is admitted, remains in the hands of the appellants, no part of it having been used for the support of the wife of the respondent. The only question discussed was as to the meaning and legal effect of those clauses of the will which relate to the property in controversy.

On the part of the appellants, it was contended that the mortgage money, and the stock just referred to, were not intended to be embraced in the residuary clause, which divides the residue of the estate between the son of the testatrix and her daughter, the wife of the respondent. But this contention cannot prevail. The second clause of the will does not dispose of the entire interest in these moneys and chattels, except on a contingency, and consequently a residue of them remained which must be embraced in the residuary disposition. The interest on the moneys, and the dividends on the stock, were given to the daughter for her life, with a provision that in case of necessity the body of

this property might be devoted to her support.   It is clear, that if the will had stopped at this point, this property would have gone to no person absolutely, under the will, except in case of the happening of the event of the necessity for its use for the maintenance of the daughter.   Under such circumstances the remainder, after the expiration of the use given for the life of the wife of the respondent, would not have been embraced at all in the testament.   But I cannot perceive how any doubt can exist, that such remainder is a part of the residuum of the estate to be distributed under the fifth paragraph of the will.   Nor is there any difficulty in the suggestion that the legatee, Mrs. Eliza Y. Richards, was not entitled to any part of the corpus of this property during her life, unless on the occasion of it becoming indispensable for her support or comfort.   If this be the true construction, the result would be that she has the use of it for life, with a power to dispose of it by will. In my opinion Mrs. Richards, by force of the will of her mother, acquired a testable interest in this money and stock.

But I further agree with the Chancellor, that if this property is not comprehended in the provision relating to the residuum of the estate, it passed immediately upon the death of the testatrix to her two children, as her next of kin.   The idea suggested, that the fact of intestacy was in suspense until the death of the daughter ended the uncertainty as to the existence of any residue in the property, is entirely unsupported by legal principles, or, so far as appears, by any adjudication.   As to this part of her estate, the testatrix was intestate at her death, or else it is controlled by her will, and in either branch of the alternative the complainant below was entitled to the relief given to him.

The decree should be affirmed, with costs.

*For affirmance*—BEASLEY, C. J., CLEMENT, DALRIMPLE, DEPUE, KENNEDY, OGDEN, OLDEN, SCUDDER, VAN SYCKEL, WALES, WOODHULL. 11.

*For reversal*—NONE.